**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ELONZIO ODUMS, | : | |
| | : | Civil Action No. 16-9145(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| SOUTH WOODS STATE PRISON, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff Elonzio Odums, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by the prison, its administrator and assistant superintendent, and two corrections officers. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

1

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

Plaintiff alleged the following in his Complaint.[1] On June 21, 2016, Plaintiff saw a doctor at South Woods State Prison, and the doctor scraped the bottom of Plaintiff's foot. (Compl., ECF No. 1, ¶13.) The doctor advised Plaintiff not to walk or stand on his foot for a few days. (Id., ¶14.) Plaintiff is confined in a wheelchair because his other leg was amputated at the knee. (Id., ¶¶14, 17.)

As Plaintiff was returning to the minimum unit that day, he was told to get into the metal detector chair ("boss chair"). (Id., ¶16.) Plaintiff told Officer Donaghy that he could not stand on his foot because Dr. Farrow had just scraped it. (Id.,

---

[1] On September 26, 2016, Plaintiff filed a civil rights action in this Court alleging certain facts identical to those raised in this action filed on December 9, 2016. See Odums v. New Jersey Department of Corrections, et al., Civil Action No. 16-5950(RBK) (D.N.J. Sept. 26, 2016) (ECF No. 1, ¶¶ 22-30.) It appears that Plaintiff may have mistakenly included a page of his prior Complaint from Civil Action No. 16-5950 as the third page in the present Complaint. There are two sets of paragraphs 22-32 in the present Complaint. The Court will strike the first paragraphs 2-32 (ECF No. 1 at 3) because they are duplicative of the allegations in Civil Action No. 16-5950. Plaintiff may file an amended complaint if the allegations on this page are in fact new allegations relating to a different incident than the one described in Civil Action No. 16-5950.

¶17.)  When Donaghy insisted that Plaintiff stand up, Plaintiff asked to see a Sergeant.  (Id., ¶18.)

Sergeant Vernell told Plaintiff to get in the boss chair or go to lockup.  (Id., ¶19.)  Plaintiff asked Sergeant Vernell if he could get two inmates to lift Plaintiff into the chair. (Id.)  Vernell cleared the room so there would not be any witnesses and told Plaintiff to get in the boss chair.  (Id., ¶¶19-20.)  Plaintiff tried to stand but he fell.  (Id., ¶20.) Plaintiff asked for assistance but Vernell told him to get up on his own.  (Id., ¶21.)  Plaintiff was then placed in lockup for five days, and given a suspended sentence.  (ECF No. 1 at 4, ¶22.)  For relief, Plaintiff seeks one million dollars each from South Woods State Prison, Officer Donaghy, Sergeant Vernell, Willie Bonds, the Administrator of South Woods State Prison, and C. Cline, the Assistant Superintendent of South Woods State Prison.  (ECF No. 1 at 4, ¶27.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

III. SECTION 1983 CLAIMS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

    A.   South Woods State Prison

A prison is not a "person" who may be sued under 42 U.S.C. § 1983.  Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046 (1970)); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (citations omitted).  Therefore, the Court will dismiss the claims against South Woods State Prison with prejudice.

    B.   Willie Bonds and C. Cline

5

The only mention of Willie Bonds and C. Cline in the Complaint is that they are, respectively, the Administrator at South Woods State Prison, and the Assistant Superintendent. Plaintiff has not alleged any personal involvement of Bonds or Cline in the misconduct he alleges in the Complaint.

Assuming Plaintiff intended to hold Bonds and Cline responsible for the misconduct of their employees, there is no respondeat superior liability under § 1983. See Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.") Therefore, the Court will dismiss the claims against Willie Bonds and C. Cline without prejudice. If Plaintiff can allege facts showing the personal involvement of Bonds or Cline in violating his constitutional rights, he may amend his Complaint.

C.  Officer Donaghy and Sergeant Vernell

Plaintiff's claims against Officer Donaghy and Sergeant Vernell may proceed.

IV. CONCLUSION

The Court will grant Plaintiff's IFP application. The Court will strike, as duplicative of Civil Action No. 16-5950(RBK), paragraphs 22-32 of the Complaint. (ECF No. 1 at 3.) Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court will dismiss the § 1983 claims against South Woods State Prison

6

with prejudice. The Court will dismiss the § 1983 claims against Willie Bonds and C. Cline without prejudice. An appropriate order follows.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: February 22, 2017